Christopher SKINNER, Plaintiff–
Appellant,

v.

Dan L. BOLDEN, Deputy Director
of MDOC, et al., Defendants–
Appellees.

No. 03–1553.

United States Court of Appeals,
Sixth Circuit.

March 12, 2004.

Christopher Skinner, New Haven, MI,
pro se.

Before MERRITT and DAUGHTREY,
Circuit Judges; and HOOD, District
Judge.*

*ORDER*

Christopher Skinner appeals pro se
from a district court judgment that dismissed his civil rights action filed under 42
U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to
Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, the panel unanimously
agrees that oral argument is not needed in
this case. Fed. R.App. P. 34(a).

Skinner alleged that various prison
guards and administrative officials had instigated a retaliatory conspiracy against
him for successfully defending himself
against a misconduct charge of forgery.
The alleged conspiracy generally involved
the confiscation of publications on computers and electronics, the rejection of similar
publications that he had ordered through
the mail, and the failure to rule favorably
on his grievances and administrative appeals.

The district court dismissed the case on
April 14, 2003, and it is from this judgment
that Skinner now appeals. A *de novo* review of the record shows that dismissal
was appropriate because he did not raise a
cognizable claim. *See* 28 U.S.C.
§ 1915A(b)(1).

The district court found that several of
Skinner's claims were barred by the doctrine of res judicata, based on a prior
opinion in which the court had rejected his
due process and First Amendment claims
against defendants Dutcher, Hatt, Fuqua,
and Corr. Skinner now argues that he is
asserting other claims against these defendants. However, he plainly continues to
reassert the same basic claims, and the
district court properly dismissed those
claims because they had been resolved by
its prior judgment. *See Bills v. Aseltine,*
52 F.3d 596, 604 (6th Cir.1995).

The district court properly rejected
Skinner's retaliation claims because he did
not establish an adequate nexus between
his protected conduct and the alleged retaliation. *See Smith v. Campbell,* 250 F.3d
1032, 1037–39 (6th Cir.2001). The court
also found that the defendants would have
taken the same actions in the absence of
any protected activity. Skinner now argues that his forgery hearing and grievance interview were closely followed by the
confiscation of his publications. Without
more, however, his conclusory allegations

---

* The Honorable Joseph M. Hood, United States
District Judge for the Eastern District of Kentucky, sitting by designation.

of temporal proximity are not sufficient to show a retaliatory motive. *See id.* at 1038; *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996).

The district court found that the defendants had not violated Skinner's rights by denying his grievances, post-deprivation action, and administrative appeals. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). His bare assertion that many defendants conspired against him is unpersuasive. Skinner also argues that the defendants interpreted prison policy too broadly when they modified his access to the grievance process. However, the court properly found that his First Amendment rights were not impermissibly chilled by screening his grievances. *See Smith,* 250 F.3d at 1037.

The district court declined to rule on Skinner's claim that defendants Corr, Huddleston, and Walter conspired to bring a false disciplinary charge against him, as Skinner did not show that his disciplinary conviction had been invalidated or overturned by an appropriate tribunal. *See Edwards v. Balisok,* 520 U.S. 641, 644–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Skinner generally argues that a false disciplinary charge can be the basis of a retaliation claim, but he has not shown that the charges against him were ultimately resolved in his favor as required by *Edwards*.

The district court properly rejected Skinner's remaining First Amendment claims because the restrictions on his access to computer and electronic resources were reasonably related to a legitimate penological interest in security. Skinner now argues that the relevant prison policy impermissibly broadens existing restrictions on inmate mail. However, he has not shown that the district court was incorrect in finding that the disputed policy was constitutional. *See Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Mich. Dept. of Corr. Policy Directive 01.04.105.

Skinner alleged that the defendants violated his right to due process by confiscating his publications. The district court held that the grievance process afforded him adequate due process protections and that he had not shown that state post-deprivation remedies were inadequate, as prescribed by *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Skinner now argues that the availability of post-deprivation process is irrelevant because the defendants acted according to an established prison policy. However, *Parratt* is applicable insofar as Skinner has alleged that the defendants acted according to a random and unauthorized conspiracy. *See Copeland v. Machulis,* 57 F.3d 476, 479–80 (6th Cir.1995). Skinner also argues that the post-deprivation hearings were inadequate because they did not result in the return of his property. This argument fails because an adequate post-deprivation process does not require a favorable result for the claimant.

Skinner alleged that the defendants had violated his right to equal protection by treating him differently than other similarly situated Michigan prisoners. The district court properly rejected this claim because the defendants' alleged actions were rationally related to a legitimate governmental interest in maintaining prison security. *See Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997).

The district court properly held that the confiscation of Skinner's publications did not rise to the level of a viable Eighth Amendment claim. *See generally Rhodes v. Chapman,* 452 U.S. 337, 346–47, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Skinner's conclusory arguments to the contrary are wholly unpersuasive.

Finally, Skinner argues that the district court did not make a specific ruling on several of his claims. However, he has not shown that any of his allegations raised a cognizable claim.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.